UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PUSH PEDAL PULL, INC., Formerly known as The R. D. Rogers Company,<br><br>Plaintiff,<br><br>vs.<br><br>KENT CASPERSON, individually, and 2nd WIND EXERCISE EQUIPMENT, INC.,<br><br>Defendants. | 4:13-cv-04057-RAL<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A RULE 16 CONFERENCE, OR FOR AN ORDER ALLOWING THE PARTIES TO ENGAGE IN DISCOVERY, AND IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO HOLD RULE 26(F) MEETING** |

## INTRODUCTION

On July 24th, Plaintiff's counsel requested that Defendants' counsel participate in a Rule 26(f) conference, and suggested such a meeting take place on July 29 or July 30. Defendants have made a motion to delay even having such a conversation. Plaintiff's Complaint alleges that Defendant Kent Casperson, a former management employee, misappropriated trade secrets, and violated and continues to violate his non-competition agreement with Push Pedal Pull by working for a competitor, Defendant 2nd Wind Exercise Equipment, Inc. ("2nd Wind"). It has been three months since this case was commenced and about three weeks since the briefing was completed on Plaintiff's motion to remand. Plaintiff needs to proceed with discovery now, not weeks or months from now, to enable Plaintiff to proceed with a motion for preliminary injunctive relief, whether it be in state court or federal court.

Defendants have removed this case to this Court but the removal was defective, which has forced Plaintiff to make a motion to remand given the jurisdictional overhang raised by the defective removal. This removal has caused a delay in discovery and a decision on the merits of

Kent Casperson's misappropriation of Plaintiff's trade secrets and continuing violation of his non-compete obligations. Defendants obviously are not enthusiastic about engaging in discovery. Now Defendants do not even want to talk over a discovery plan. In the meantime Casperson and his new employer continue to unfairly compete.

Defendant Casperson's motion to delay having a Rule 26(f) conference should be denied. Instead, the Court should schedule a pretrial conference to set a discovery schedule, or alternatively, issue an order that allows the parties to engage in discovery (and which requires Defendants to promptly answer interrogatories and produce documents in response to discovery served on them 90 days ago) pending the Court's decision on the motion to remand. There is no reason why the parties in this case should not be allowed to engage in discovery pending the Court's decision on the motion to remand.

## FACTUAL BACKGROUND

On April 25, 2013, this action was commenced in the Circuit Court for Minnehaha County, which was identified in the 2001 Employment Agreement between Plaintiff and Casperson as the exclusive forum for any disputes. 2nd Wind then removed the action to this Court on May 24, 2013. Plaintiff has made a motion to remand, which is presently pending before Judge Lange. The briefing was completed on July 10, 2013, and the parties are awaiting the Court's decision on the remand motion.

Kent Casperson was formerly in charge of the service function at Push Pedal Pull, which is engaged in the exercise equipment business. Push Pedal Pull is based in South Dakota. On Sunday, March 3, 2013, Casperson resigned, effectively immediately. Soon thereafter, he went to work at 2nd Wind. On the days just before he quit, Casperson copied over 100 confidential Push Pedal Pull business files from his Push Pedal Pull computer (and possibly other sources) to

several thumb drives, i.e. internal USB devices. In his Answer, he admitted that he had already decided to leave his Push Pedal Pull employment by the time he engaged in copying Push Pedal Pull documents. Casperson's Answer also admitted copying certain files.

These files Casperson copied in the days surrounding his immediate resignation included numerous files on Push Pedal Pull's financial condition, its business plan and financial projections for 2013, numerous customer contracts and spreadsheets summarizing service contract terms, spreadsheets listing potential customers and contact information, documentation on the profitability and compensation of sales employees and other documents. Before this lawsuit was commenced, by letter dated April 4, 2013, Casperson was asked by Push Pedal Pull to return any Push Pedal Pull materials in his possession or control. He did nothing. The 2001 Agreement made it clear that Casperson could not use or disclose Plaintiff's trade secrets or confidential information, and could not retain any information after the end of his employment. Only after this lawsuit was commenced, did Defendants, through their counsel, return several thumb drives which contained in excess of one hundred Push Pedal Pull confidential files, as well as hard copies of documents, to Plaintiff. Casperson, who apparently leaves Minnesota to go to Wisconsin every week, now offices in Wisconsin for 2nd Wind, a transparent attempt to avoid breaching an obligation in the 2001 Agreement which prohibits him from engaging in any business in competition, directly or indirectly, within 100 miles of a Push Pedal Pull retail store, for two years after the termination of his employment.

Defendants were served with interrogatories and requests for documents at the time they were served with the Summons and Complaint. Under state court rules, Defendants' responses were due in June, but the removal to federal court has allowed them to delay any response and avoid discovery. These document requests and interrogatories inquire into a number of relevant

subjects, including Casperson's activities while working for 2nd Wind, including who he had contact with, what electronic messages he sent or received, his travel history, his compensation, his internal communications while a 2nd Wind employee, his agreements with his employer and any contacts with customers or suppliers.  In addition, the discovery requests seek information on any communications and the events relating to his massive misappropriation efforts.  Similar discovery requests were sent to 2nd Wind.  The Defendants have had these for 90 days already – now they want to delay even further.

## ARGUMENT

I.  **THE COURT SHOULD DENY DEFENDANTS' MOTION TO DELAY A RULE 26 (f) CONFERENCE AND INSTEAD EITHER: (a) SCHEDULE A PRETRIAL CONFERENCE, OR IN THE ALTERNATIVE, (b) ISSUE AN ORDER THAT THE PARTIES MAY ENGAGE IN DISCOVERY PENDING THE COURT'S CONSIDERATION OF PLAINTIFF'S MOTION TO REMAND. ANY ORDER SHOULD REQUIRE DEFENDANTS TO PROMPTLY PROVIDE ANSWERS TO INTERROGATORIES AND PRODUCE DOCUMENTS RESPONSIVE TO DISCOVERY REQUESTS THEY HAVE NOW HAD FOR 90 DAYS.**

There is no reason for any further delay in producing the requested documents and information.  There are numerous factual questions to explore in discovery, including but not limited to what confidential information Casperson shared with his new employer and to what extent he is engaged in competition inside the geographical restriction of his non-compete.  There is no dismissal motion pending, and the case is going to proceed either here or in state court.  It seems obvious that Defendants have no zeal to engage in a prompt discovery process.  But that is what needs to be done in this case, and as more time goes by, Plaintiff is prejudiced by the inability to get any meaningful discovery on key issues which delay a potential preliminary injunction motion.

Defendant 2nd Wind crafted a removal strategy to move the case from state court to federal court.  This was 2nd Wind's decision.  The Notice of Removal was not timely joined in or

consented to by Casperson, Casperson cannot effectively consent to a removal when he already agreed that the exclusive forum was the Circuit Court for Minnehaha County, and where there is no basis to conclude the jurisdictional amount in controversy requirement is present. This defective removal allowed Defendants to avoid responding to discovery. They have refused reasonable requests to have a Rule 26(f) conference and now have even asked the Court to bless the extra delay, all of which enables them to keep unfairly competing by allowing Casperson to continue working for 2nd Wind.

  Defendants' position is so transparent – it is all about delaying discovery and an injunction motion on issues involving Casperson's non-compete, all in a context where Casperson has misappropriated hundreds of documents from his former employer, actions which breached the 2001 Agreement and violated applicable trade secret laws. The cases cited by Defendants are not germane -- none of the cases involved the potential for preliminary injunctive relief, nor did the Plaintiffs, while a remand motion was pending, articulate a reason which justified the need for a scheduling conference. That is not the case here – there is considerable need to allow the parties to engage in the kind of discovery that is run of the mill in any state or federal court case.

  A Rule 16 conference would not be a meaningful burden. An alternative to having a pretrial conference at this point is for the Court to simply issue an order allowing the parties to take discovery at this time and requiring defendants to promptly respond to the previously served discovery requests. *See* Proposed Order. If the Court remands the case, the parties can use the results of the discovery in the state court, without further delay. If the Court does not remand the case, the parties can use the results of the discovery in the federal court action, without further delay. If the Court has not ruled on the remand motion before the Plaintiff is ready to file a

motion for a preliminary injunction, the Court can conduct a pretrial conference at that time or direct the parties how to proceed. Any or all of this is consistent with Rule 1 of the Federal Rules of Civil Procedure – to "secure the just, speedy, and inexpensive determination of every action and proceeding".

## CONCLUSION

There are no reasons why the parties should not be allowed to engage in basic discovery while the Court decides the remand motion. Defendants' motion should be denied. If a Rule 16 conference is viewed as a constructive possibility, then the Court should schedule one. Otherwise common sense and efficient case management dictates that the Court should allow the parties to take discovery, pending further direction given consideration of the motion to remand.

**STEVEN D. SANDVEN, Law Office PC**

Dated:  August 1, 2013.

/s/    *Steven D. Sandven*
STEVEN D. SANDVEN
3600 South Westport Ave., Suite 200
Sioux Falls, SD  57106
Telephone:  (605) 332-4408
E-mail:  ssandvenlaw@aol.com
Attorneys for Plaintiff

*Of Counsel:*
**HENSON & EFRON, P.A.**
Bruce C. Recher, MN Atty. License #89989
Suite #1800
220 South Sixth Street
Minneapolis, Minnesota  55402-4503
Telephone:  612-339-2500
E-Mail:  brecher@hensonefron.com
Attorneys for Plaintiff (*Admitted Pro Hac Vice*)

483917.DOCX

6