FILED
SEP 1 9 2013
[signature]
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PUSH PEDAL PULL, INC., formerly knows as The R.D. Rogers Company, | * * * | CIV 13-4057-RAL |
| Plaintiff, | * * | |
| vs. | * * | OPINION AND ORDER GRANTING MOTION TO REMAND |
| KENT CASPERSON, Individually, and 2ND WIND EXERCISE EQUIPMENT, INC., | * * * * | |
| Defendants. | * | |

## I. INTRODUCTION

Plaintiff Push Pedal Pull, Inc. ("Push Pedal Pull") sued Defendants Kent Casperson ("Casperson") and 2nd Wind Exercise Equipment, Inc. ("2nd Wind") (collectively, "Defendants") through a Complaint dated April 25, 2013, Doc. 1-1, and filed in Circuit Court of Minnehaha County, South Dakota. 2nd Wind filed its Notice of Removal, Doc. 1, with this Court on May 24, 2013. Push Pedal Pull filed a Motion to Remand to State Court, Doc. 6, on June 12, 2013, which Defendants opposed. Docs. 9-10. For the reasons stated below, Plaintiff's Motion to Remand is granted.

## II. FACTS

Push Pedal Pull is a South Dakota corporation that sells and services new and used exercise equipment in its retail stores throughout the upper Midwest. Doc. 1-1 at ¶¶ 1, 2. 2nd Wind is a Minnesota Corporation that sells, trades, services, and refurbishes new and used exercise equipment at the wholesale level and through retail stores in the upper Midwest. Doc. 9 at 1. Casperson is a resident of Hennepin County, Minnesota. Doc. 5 at ¶ 6; Doc. 9 at 1.

1

Casperson was Director of Service for Push Pedal Pull and in that capacity managed Push Pedal Pull's overall service operations. Doc. 5 at ¶¶ 3, 9; Doc. 1-1 at ¶¶ 10-11. On January 15, 2001, Casperson signed an Agreement Concerning Trade Secrets and Non-Competition ("the Agreement") with Push Pedal Pull. Doc. 1-1 at 21; Doc. 5 at ¶ 12. Section 2 of the Agreement restricted Casperson for a period of two years from his date of termination of employment with Push Pedal Pull from working for a competing business within 100 miles of any Push Pedal Pull retail store. Doc. 1-1 at 22. The Agreement also had provisions restricting Casperson's use of confidential trade secrets. Doc. 1-1 at 21. Section 4 of the Agreement contained a forum selection clause that provided "[t]he parties agree that this contract is governed by the laws of the State of South Dakota . . . and that the state circuit court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any disputes relating to this Agreement." Doc. 1-1 at 22.

In March of 2013, Casperson resigned from Push Pedal Pull and began working for 2nd Wind. Doc. 4 at ¶ 10; Doc. 5 at ¶ 23. 2nd Wind knew of the Agreement and assigned Casperson to its Wisconsin office in an attempt to comply with the Agreement's restrictions. Doc. 4 at ¶ 11. Push Pedal Pull alleges that Casperson is working in breach of the Agreement. Doc. 1-1 ¶ 40. Push Pedal Pull also alleges that before his resignation, Casperson accessed and copied various documents containing confidential information and that 2nd Wind encouraged him to do so. Doc. 1-1 at ¶¶ 24-35. Defendants deny these allegations. Doc. 4 at ¶ 9; Doc. 5 at ¶ 1.

In total, Push Pedal Pull alleges eight counts against either Casperson, 2nd Wind, or both: Count One alleges misappropriation of trade secrets in violation of Minnesota and South Dakota state statutes by Casperson and 2nd Wind and seeks injunctive relief and damages in excess of $50,000.00; Count Two alleges breach of fiduciary duty against Casperson and seeks injunctive relief and damages in excess of $50,000.00; Count Three alleges breach of contract against

Casperson and seeks injunctive relief and damages in excess of $50,000.00; Count Four alleges unjust enrichment against both Casperson and 2nd Wind and seeks in excess of $50,000.00; Count Five alleges violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, against Casperson and seeks in excess of $5,000.00; Count Six alleges tortious interference with contract against 2nd Wind and seeks in excess of $50,000.00; Count Seven alleges that 2nd Wind aided and abetted Casperson in breaching his fiduciary duty to Push Pedal Pull and seeks in excess of $50,000.00; Count Eight alleges unfair competition and seeks in excess of $50,000.00. See Doc. 1-1. In the Complaint's prayer for relief, Push Pedal Pull's monetary requests are an "award . . . in excess of Fifty Thousand Dollars ($50,000.00) against both Defendants" plus punitive damages and costs. Doc. 1-1 at 20.

Push Pedal Pull's Summons and Complaint venued in Minnehaha County Circuit Court was served on Casperson on April 26, 2013. Doc. 10 at 1; Doc. 7 at 2. 2nd Wind received service of the Summons and Complaint a few days after Casperson on April 29, 2013. Doc. 9 at 2; Doc. 7 at 2. On May 24, 2013, 2nd Wind timely filed its Notice of Removal, Doc. 1, with this Court within thirty days of when 2nd Wind had been served with the Summons and Complaint. The Notice of Removal claimed that this Court has jurisdiction based on diversity jurisdiction and that "[r]emoval is proper under 28 U.S.C. §[] 1441 as this is a civil action between citizens of different states and the amount in controversy exceeds $50,000.00,[1] exclusive of interests and costs." Doc. 1 at ¶ 8. Casperson did not join 2nd Wind's Notice of Removal, 2nd Wind did not attach any additional documents demonstrating Casperson's consent to removal at the time the Notice of Removal was filed, and 2nd Wind's Notice of Removal was silent on Casperson's consent. Doc. 1.

---

[1] The jurisdictional threshold for diversity jurisdiction cases of course is $75,000.00 under 28 U.S.C. § 1332.

On May 30, 2013, 2nd Wind filed its Answer, Doc. 4. The next day on May 31, 2013, Casperson filed his "Separate Answer, Affirmative Defenses and Jury Demand," Doc. 5. Casperson's Answer was silent on removal, but contained a jury demand. Doc. 5. In his Answer, Casperson addressed the Complaint's allegation that jurisdiction and venue are proper in South Dakota state court pursuant to the Agreement by stating that Push Pedal Pull's jurisdictional allegations are "legal conclusions for which no response is required, but Casperson admits he is a party to the agreement dated January 15, 2001." Doc. 5 at ¶ 8.

On June 12, 2013, Push Pedal Pull filed its Motion to Remand to State Court, Doc. 6. On July 2, 2013, Casperson filed a Notice of Consent to Removal, Doc. 8, which stated:

> Defendant Kent Casperson, who was the earlier-served defendant of the two defendants in this case, hereby provides his formal written consent to Defendant 2nd Wind Exercise Equipment, Inc.'s removal of this action from South Dakota state court to this Court. Defendant Kent Casperson provides this consent pursuant to 28 U.S.C. § 1446(b)(2)(c) and it is intended to supplement his earlier consent to the removal evidenced by the filing with this Court on May 31, 2013, of his Separate Answer and Jury Demand. Neither Plaintiff nor Defendant 2nd Wind Exercise Equipment, Inc. had invoked the right to trial by jury in this Court before Defendant Kent Casperson did so on May 31, 2013.

Doc. 8. Defendants opposed Plaintiff's Motion to Remand, Docs. 9, 10.[2]

### III. DISCUSSION

The party seeking removal and opposing a motion to remand bears the burden of establishing federal jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993) (per

---

[2] Casperson's arguments in his Memorandum in Opposition, Doc. 10, were similar to the arguments made in 2nd Wind's Memorandum in Opposition, Doc. 9. Casperson addressed Push Pedal Pull's first two arguments and then joined in 2nd Wind's remaining arguments. Doc. 10. Because the arguments are substantially similar, this Court will not differentiate by name which Defendants raise which arguments.

4

curiam). Removal statutes are strictly construed and doubts are resolved in favor of remand. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007).

### A. The Rule of Unanimity

Defendants argue that "there is no deadline for Casperson to consent within 30 days from the time the last Defendant [2nd Wind] was served." Doc. 10 at 4 (internal quotation marks and citations omitted); see also Doc. 9 at 4. Defendants also argue that Casperson's Answer evinces his consent and satisfies the unanimity requirement as does his later-filed Notice of Consent. Doc. 10 at 4; Doc. 9 at 4.

Removal is a statutory right outlined in 28 U.S.C. § 1441 and governed by § 1446. Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 932 (8th Cir. 2012). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days" from the time the defendant is served with the complaint. 28 U.S.C. § 1446(b)(1). Section 1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[3]

---

[3] Congress amended 28 U.S.C. § 1446(b) on December 7, 2011. Patel v. Trivedi, No. 4:10-CV-04195, 2012 WL 6628848, at *1 n.1 (W.D. Ark. Dec. 19, 2012). Before the recodification, a split existed in the circuit courts of appeals concerning whether a later-served defendant was permitted the same thirty day window to remove a case as is given to the first-served defendant. See

"[O]rdinarily all defendants must join in a notice of removal or the case will be remanded" pursuant to the rule of unanimity.[4] Marano Enter. of Kansas v. Z-Teca Rest., L.P., 254 F.3d 753, 755 n.2 (8th Cir. 2001); see also Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("[T]he failure of one defendant to consent renders the removal defective . . . ."). The unanimity requirement "serves important interests—it prevents duplicitive litigation and bars one defendant from imposing his forum of choice on co-defendants." Christiansen, 674 F.3d at 933. While the unanimity requirement should not be applied in "a 'hypertechnical and unrealistic manner,'" its application ought not be so elastic that it is "strip[ped] . . . of its utility." Id. (quoting Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967)).

"'Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service.'" Christiansen, 674 F.3d at 932 (quoting Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002)); see also Marano, 254 F.3d at 757 (holding that later-served defendants can file notice of removal within thirty days of service upon them provided they do so in that time period "with the unanimous consent of their co-defendants"); Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2nd Cir. 2012) (per curiam) ("[A]ll defendants [must] consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'") (internal quotation marks omitted); Dube v. Wyeth LLC, No. 4:12-CV-1912, 2013 WL 607834, at * 5 (E.D. Mo. Feb. 19, 2013) (stating that later served defendants have thirty days to file their notice of removal and the

---

Marano Enter. of Kansas v. Z-Teca Rest., L.P., 254 F.3d 753, 754-56 (8th Cir. 2001). Congress's amendment brought the statute in line with the majority "later served defendant rule" that the Eighth Circuit previously had adopted. Patel, 2012 WL 6628848, at *1 n.1. The amendment did not affect the well-settled thirty-day deadline for removal.

[4] Congress created exceptions to the general rule that all defendants must join in a notice of removal in order for it to be effective, but none of those exceptions are applicable in this case. See Jones v. Kremer, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998)

6

same thirty days to "persuade earlier served defendants to join in their notice of removal"); Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051, 1055 (E.D. Mo. 2009) ("'Removal jurisdiction requires all defendants to join in the removal petition or consent to removal within thirty days of service.'" (quoting Amteco, Inc. v. BWAY Corp., 241 F. Supp. 2d 1028, 1029 (E.D. Mo. 2003))); Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 640 (E.D. Va. 2003) ("Courts have uniformly construed [28 U.S.C. § 1446(a) and (b)] as requiring *all* defendants, who may properly do so, to join in or otherwise consent to the removal notice."). Under Eighth Circuit precedent, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" Christiansen, 674 F.3d at 932 (quoting Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008)).

Although the manner in which a non-removing co-defendant may satisfy the unanimity requirement can vary, the requirement that all properly served defendants provide their consent within the thirty day removal period to prevent remand is settled. See e.g., Christiansen, 674 F.3d at 932 (stating defendants must consent within thirty days); Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12-CIV-5557, 2013 WL 1234958, at *7 (S.D.N.Y. Mar. 26, 2013) (holding that "clear and settled precedent" required remand when non-removing defendant did not file written notification until after the statutory thirty day removal period had ran); Byrd v. Auto-Owners Ins. Co., No. 4:08-CV-1368S, 2008 WL 5071105, at *1-2 (E.D. Mo. Nov. 24, 2008) (remanding when non-removing co-defendant did not join in removal, filed its answer four days outside the thirty day removal period, and filed its notice of consent twenty days outside the removal window and on the same day as plaintiff's motion to remand); Morales v. Safeway Stores, Inc., No. C-01-3934, 2002 WL 202367, at *2 (N.D. Cal. Jan. 30, 2002) (holding that a co-defendant's answer

filed four days after thirty day removal period did not satisfy unanimity requirement); Januszka v. Kemper Ins. Co., No. 94-2242, 1994 WL 236463, at *1-2 (E.D. Pa. May 26, 1994) (remanding case when answer was filed one day after thirty day removal period expired); cf. Pietrangelo, 686 F.3d at 66 (holding remand not appropriate when non-removing defendants submitted letters to the court addressing removal within the "thirty day removal period"); Noel, 612 F. Supp. 2d at 1056 (holding remand not required when non-removing co-defendant filed a motion to dismiss and accompanying memorandum addressing the propriety of federal court jurisdiction within the thirty day time period). Here, Casperson was served April 26, 2013, and 2nd Wind was served April 29, 2013. Casperson had until May 26, 2013, to file his own notice of removal and until May 29, 2013, to file some timely written indication that he was consenting to 2nd Wind's Notice of Removal. Both documents which Defendants argue evince Casperson's consent were filed outside the thirty day removal period—his Answer was filed on May 31, 2013, and his Notice of Consent was filed more than a month later on July 2, 2013. Casperson failed to "join in [2nd Wind's notice] of consent within thirty days of service," and remand is required even without considering the substance of his Answer. Christiansen, 674 F.3d at 933 (internal quotation marks and citation omitted). The benefits derived from the unanimity requirement—particularly prompt resolution of the proper forum and the ability to prevent duplicitive litigation—would be undermined by a contrary holding that requires a removing co-defendant comply with the statutory thirty day removal limit, but does not hold non-removing co-defendants to the same requirement.

Defendants' argument that Casperson need not consent within the thirty day removal period so long as his Answer is "timely" has no support in precedent from the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit has found a defendant evinced his consent and satisfied the unanimity requirement in various ways. In each of these cases, however, the

communication evincing consent not only was filed within the thirty day removal period, but also addressed removal or the propriety of federal jurisdiction. See Christiansen, 674 F.3d at 933 (holding unanimity requirement satisfied by language in a co-defendant's motion to dismiss addressing removal filed within the thirty day removal period); Pritchett, 512 F.3d at 1062 (holding that "each defendant need not necessarily sign the notice of removal" so long as there is "'some timely filed written indication from each served defendant'. . . indicating that the defendant 'has actually consented' to the removal" and finding requirement satisfied by the co-defendant's consent form attached as an exhibit to the timely filed notice of removal (quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988))); Horton v. Conklin, 431 F.3d 602, 606 (2005) (noting that a motion to remove filed within thirty day removal period was "arguably defective from the outset due to [the removing defendant's] failure to join all defendants as required by our court's interpretation of 28 U.S.C. § 1446)"; Thorn, 305 F.3d at 833 (upholding remand when the co-defendant failed to join the notice of removal within thirty days); Marano, 254 F.3d at 757 (finding unanimity requirement satisfied when later served defendants filed a notice of removal within thirty days of service "with the unanimous consent of their co-defendants"). Thus, Defendants' argument that Casperson's Answer filed after the thirty day removal period nevertheless evinces his consent because it is "timely" is incorrect.

Casperson's Answer, filed two days beyond the thirty-day limit, made a jury demand, but otherwise was silent on removal and on the propriety of this Court's jurisdiction. Courts are divided on whether and under what circumstances a non-removing defendant's filing of an answer is sufficient to evince his consent and satisfy the unanimity requirement. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009). Some courts have found that an answer filed within the thirty day removal period that expressed consent to removal may satisfy the unanimity

9

requirement. See e.g., Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004). Other courts have held that an answer filed within the thirty day removal period that does not explicitly consent to removal does not satisfy the unanimity requirement. See Local Union No. 172 Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick, Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003); Prod. Stamping Corp. v. Maryland Cas. Co., 829 F. Supp. 1074, 1077 (E.D. Wis. 1993) (holding that "the mere filing of an answer" within thirty day removal period does not satisfy unanimity requirement and that the answer's denial of the complaint's state court venue allegation does not evince sufficiently a co-defendant's consent to removal). Notwithstanding this authority, there is one case that supports Defendants' argument; in Glover v. W.R. Grace & Company, Inc., 773 F. Supp. 964, 965 (E.D. Tex. 1991), the United States District Court for the District of Texas allowed a co-defendant's answer filed outside the thirty day removal period to evince the co-defendant's consent to removal and satisfy the unanimity requirement. See id. Other courts have criticized Glover. See Januszka, 1994 WL 236463, at *1-2 (disagreeing with Glover and holding unanimity requirement not met by answer filed one day after removal period closed); Prod. Stamping, 829 F. Supp. at 1077 (disagreeing with Glover and holding that the filing of an answer within the thirty day removal period does not satisfy the unanimity requirement). Two years after it decided Glover, the same court noted that Glover was "probably wrongly decided" in light of subsequent circuit court of appeals decisions. Thompson v. Louisville Ladder Corp., 835 F. Supp. 336, 340 (E.D. Tex. 1993).

The Eighth Circuit has not addressed whether an answer, let alone one that is filed outside of the thirty day removal period and is silent on removal, may satisfy the unanimity requirement. In Christiansen, the Eighth Circuit determined that the defendants satisfied the unanimity requirement with a timely motion to dismiss that accepted federal jurisdiction as "appropriate." 674

F.3d at 933. The Eighth Circuit characterized Christiansen as "a very close case" whose precedential value was "limited to the specific facts of this case." Id. The Eighth Circuit in Christiansen declined to express an opinion on whether the unanimity requirement could be satisfied "by the mere filing of motion to dismiss (silent on removal) *within thirty days* of service . . . ." Id. (emphasis added).

Here, Casperson's Answer is less indicative of his consent to removal than the pleadings were in Christiansen. Id. Casperson's Answer of course was filed after the thirty day removal period, which is enough to find the unanimity requirement has not been met. Casperson also filed an answer, a pleading not necessarily indicative of his unequivocal consent to jurisdiction. Unicom Sys., 262 F. Supp. 2d at 642 ("[T]he filing of an answer is an 'ambiguous act' that is not necessarily consistent with consent to removal.") (citation omitted). The Christiansen case does not support finding that an answer filed outside the removal period which is silent on removal would satisfy the unanimity requirement.

Defendants next argue that Casperson's later-filed Notice of Consent to Removal evinces his consent to removal. His Notice of Consent to Removal certainly demonstrates his consent, but it came well beyond the removal period. The Eighth Circuit has declined so far to address whether the unanimity requirement may be satisfied by "the filing of a curative consent to removal after the thirty-day period." Christiansen, 674 F.3d at 933. Some courts conclude that "where a defendant timely seeks to join in a removal, but the defendant's notice of removal is defective, the defendant may cure the defect after the 30 day removal period." Christiansen v. W. Branch Cmty. Sch. Dist., No. 10-CV-131, 2011 WL 1230274, at * 6 (N.D. Iowa Mar. 28, 2011) aff'd, 674 F.3d 927 (8th Cir. 2012); see also Harper, 392 F.3d at 202 (holding that even if initial timely consent was ineffective, co-defendant cured "any purported defect" by opposing the motion to remand). Many courts, however, do not allow an untimely notice of consent to cure the defendant's failure to timely

11

consent. See Bedminster, 2013 WL 1234958, at * 7 (S.D. N.Y. Mar. 26, 2013) (criticizing an older holding that allowed an untimely notice of consent to satisfy the unanimity requirement as "an unduly creative view of district court authority . . . to cure a lack of consent . . ." and collecting cases holding the same); Killen v. Atl. Paper & Foil, LLC, No. 07-1600, 2007 WL 4299990, at *2 (W.D. La. Dec. 3, 2007) ("[T]he Consent to Removal and affidavit from counsel filed . . . after the 30-day removal period cannot cure any defects that exist in the Notice of Removal."); Unicom, 262 F. Supp. 2d at 641 (holding a notice of consent filed outside the removal window was "insufficient to constitute consent to removal under the requirements of 28 U.S.C. § 1446 . . . . To hold otherwise would run counter to the principle of strict construction of removal statutes, and effectively negate the mandatory requirements of 28 U.S.C. § 1446"). Casperson's Notice of Consent was filed more than two months after he was served, more than a month after the removal window closed, and nearly three weeks after Push Pedal Pull filed its Motion to Remand based on Casperson's failure to consent. Casperson did not "timely seek[] to join in the removal," Christiansen, 2011 WL 1230274, at * 6, and his substantially untimely Notice of Consent cannot cure his initial failure to timely consent. After all, "non-removing defendants who wish to evince consent to removal should either sign the notice of removal or file a timely and unequivocal consent to such course of conduct," Christiansen, 674 F.3d at 933, which Casperson failed to do.

**B. Waiver of Casperson's Right to Remove**

Push Pedal Pull next argues that, even if Casperson had timely consented, his consent is invalid. Push Pedal Pull contends that by agreeing to the forum selection clause that provides for exclusive venue in Minnehaha Circuit Court, Casperson waived both his right to remove and his right to consent to 2nd Wind's removal. Doc. 11 at 8. If Casperson cannot consent, the unanimity requirement cannot be satisfied, and remand is required. Doc. 11 at 8-9.

A forum selection clause may waive a defendant's right to remove if it is "clear and unequivocal." See Weltman v. Silna, 879 F.2d 425, 427 (8th Cir. 1989). The Eighth Circuit differentiates between mandatory and permissive forum selection clauses. See Dunne v. Libbra, 330 F.3d 1062, 1064 (8th Cir. 2003). A forum selection clause is mandatory if it uses words such as "'exclusive,' 'only,' 'must,' or any other terms that suggest exclusivity." Id.; see also United Fire & Cas. Co. v. Applied Fin., Inc., 397 F. Supp. 2d 1086, 1095 (N.D. Iowa 2005). Here, the Agreement's forum selection clause is mandatory, rather than permissive, because it requires that disputes related to the Agreement "shall" be venued "exclusively" in the state court in Minnehaha County. Doc. 1-1 at 28.

The Eighth Circuit twice has addressed contractual waiver of a defendant's right to remove pursuant to a forum selection clause. In Weltman, the Eighth Circuit required that, to effect a waiver of the right to remove the suit to federal court, the contractual language must be "clear and unequivocal." 879 F.2d at 427. The forum selection clause in Weltman lacked such a "clear and unequivocal" waiver because it "did not address removal," but the clause unfortunately was not quoted within the Weltman opinion. Id. The Eighth Circuit next addressed waiver of the right to remove through a forum selection clause in iNet Directories, LLC v. Development, Inc., 394 F.3d 1081 (8th Cir. 2005) (per curiam). In iNet, the clause read:

> The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.

Id. at 1081. The clause in iNet "unambiguously prohibited [the defendant] from objecting to venue" because "the parties waive[d] any objections to the laying of venue in any court in Missouri." Id. at 1081-82 (citing Waters v. Browning-Ferris Indus., Inc., 252 F.3d 796, 797-98 (5th Cir. 2001)). Together

13

Weltman and iNet stand for the proposition "that a simple agreement that venue is proper in a particular court is not a 'clear and unequivocal' waiver of the right to remove, but a waiver of the right to object to venue does constitute a 'clear and unequivocal' waiver of the right to remove." Mihlfeld & Assocs., Inc. v. Glock, Inc., No. 05-3085-CV-S, 2005 WL 1009579, at *2 (W.D. Mo. Apr. 27, 2005).

The Agreement's forum selection clause is mandatory, but it does not contain an express waiver of the right to object to venue. The Eighth Circuit has not addressed whether a mandatory forum selection clause without further language waiving a defendant's right to object to venue satisfies the "clear and unequivocal" standard of Weltman. The United States Court of Appeals for the Fifth Circuit is one of the circuits which applies the "clear and unequivocal" standard to contractual waivers of the right to remove and was cited to by the Eighth Circuit in iNet. See iNet, 394 F.3d at 1082 (citing to Waters, 252 F.3d at 797-98 for the proposition that when a party waives objection to venue, the party waives its right to remove); City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004) (citing to Waters, 252 F.3d at 796 for the proposition that a contractual waiver of a party's right to remove must be clear and unequivocal). In the Fifth Circuit, a forum selection clause satisfies the "clear and unequivocal" standard if (1) the clause explicitly states that the parties waive their right to remove; (2) the clause allows the other party to choose the venue; or (3) the clause "establish[es] an exclusive venue within the contract." City of New Orleans, 376 F.3d at 504.

Here, the mandatory forum selection clause in the Agreement stated "the state court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any dispute relating to this Agreement." Doc. 1-1 at 23. This language clearly and unequivocally places "exclusive jurisdiction" for contract disputes between Push Pedal Pull and Casperson in state court and is more than a mere consent to venue. "[S]ubmission to the exclusive jurisdiction of one set of courts necessarily excludes venue in all other courts." Argyll Equities LLC v. Paolino, 211 F. App'x 317, 319 (5th Cir. 2006) (per

14

curiam). Mandatory forum selection clauses would lose much of their utility if a party like Casperson could contract for a venue for any dispute to be exclusively in a state court but, when a dispute arose, could avoid that clause by removing or consenting to remove the dispute from the state venue to federal court. The mandatory forum selection clause here is less clear and unequivocal than other clauses found to be waivers of rights to remove. See e.g., Crane Constr. Co. v. JKC Constr., Inc., 793 F. Supp. 2d 1104, 1106-08 (W.D. Mo. 2010). Yet the Agreement is sufficiently clear and unequivocal to constitute a waiver by Casperson of his right to remove the case from South Dakota state court.

If one defendant in a multi-defendant action contractually waives his right to removal, that defendant has waived his ability to consent to a co-defendants' removal; the defendants then cannot satisfy the unanimity requirement, and the case is subject to remand. See e.g., Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008). Here, the Agreement's forum selection clause is valid and mandatory, it waived Casperson's right to remove, and it thereby waived his right to consent. Without Casperson's ability to consent to removal, Defendants cannot satisfy the unanimity requirement. Thus, even if Casperson's consent were timely, which it was not, this case is subject to remand.

Defendants counter that Casperson's consent to removal does not constitute a "breach" of the contract because a breach of contract claim requires damages and because forcing Push Pedal Pull to litigate in federal court rather than state court does not cause damages. Doc. 10 at 6. Whether a party may enforce its forum selection clause, however, is not conditional upon whether there are actual damages. Forum selection clauses are "bargain[s]" and a party who bargains for a particular forum is entitled to the benefit of that bargain, so long as it is not unjust or unreasonable. See Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 790 (8th Cir. 2006); M.B. Rest., Inc. v. CKE Rest., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

15

A party to a bargained-for forum selection clause suffers harm whenever that party does not receive the benefit of his bargain, if the forum selection clause is otherwise enforceable. Defendants do not allege the clause to be unjust or unreasonable, so Push Pedal Pull is entitled to its enforcement.

## C. Amount in Controversy

The third argument Push Pedal Pull advances in support of remand is that Defendants have failed to satisfy the amount in controversy requirement for this Court to have jurisdiction. Doc. 7 at 6. Federal district courts have diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). When the complaint alleges an amount under the jurisdictional minimum, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). The defendant satisfies the preponderance of the evidence standard if he shows that "a fact finder *might* legally conclude" that the amount of damages are greater than $75,000.00. Bell v. Hershey, 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation marks and citation omitted). This inquiry by the district court is fact intensive, id., and actual damages, punitive damages, the value of injunctive relief, and attorney's fees are all included when determining the proper amount, Feller v. Hartford Life & Accident Ins. Co., 817 F. Supp. 2d 1097, 1101 (S.D. Iowa 2010) (citing Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943)). A single plaintiff may aggregate claims against multiple defendants to satisfy the amount in controversy. Lynch v. Porter, 446 F.2d 225, 228 (8th Cir. 1971).

Defendants argue that they have established that the amount of actual damages in controversy is greater than $75,000.00. The pleadings present some difficulty in discerning the total amount of actual damages Push Pedal Pull seeks. On the one hand, the Complaint alleges eight counts, seven of which seek in excess of $50,000.00 for each count. Counts Two and Three allege breach of contract and

16

breach of fiduciary duty against Casperson, stem from Casperson's alleged taking of confidential information and working in breach of the Agreement, and seek $50,000.00 each. Count Six is against 2nd Wind alone, alleges that 2nd Wind tortiously interfered with Push Pedal Pull's contract with Casperson, and seeks damages of $50,000.00. Counts Two and Three appear to be related to the same set of facts, but those claims and set of facts are wholly distinct from the claims in Count Six. Thus, these three counts appear to place at least $100,000.00 in controversy. On the other hand, Push Pedal Pull argues that its Complaint's Prayer for Relief seeks actual damages of $50,000.00 in total and that 2nd Wind's Notice of Removal only alleges that an amount in excess of $50,000.00 is in controversy. Doc. 1 at 2. The Complaint appears to be seeking more than $75,000.00, particularly considering that punitive damages, fees, and injunctive relief is sought. However, this Court need not resolve this issue because remand is proper on both of the other grounds alleged by Push Pedal Pull.

## IV. CONCLUSION

For the reasons explained in this Opinion and Order, it is hereby

ORDERED that Plaintiff's Motion to Remand to State Court, Doc. 6, is granted and the Clerk of Court will remand this Case to the Circuit Court of Minnehaha County, South Dakota, from which it was removed.

Dated September 19th, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE